# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LESTER MICHAEL JOHNSON,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-4118-CV-C-BCW-P |
| ) | |
| JIM PETTY, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING PLAINTIFF PROVISIONAL LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING PLAINTIFF TO PAY THE INITIAL PARTIAL FILING FEE

Plaintiff, who is incarcerated at the Morgan County Detention Center in Versailles, Missouri, has filed *pro se* this civil action pursuant to 42 U.S.C. § 1983. Plaintiff has moved for leave to proceed *in forma pauperis* without the prepayment of court fees or costs. He has submitted an affidavit of poverty in support thereof.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. *See In re Tyler*, 110 F. 3d 528, 529-30 (8th Cir. 1997) (under Prison Litigation

---

[1] Although plaintiff lists Brandi Joy Johnson in the heading of his complaint, he does not list her name or address in the section listing the parties to this civil action. Doc. No. 1, p. 1. Even if Brandi Joy Johnson was intended to be named as a plaintiff in this case, numerous federal courts examining the impact of multiple plaintiffs attempting to join together in a single lawsuit have ruled that prisoner plaintiffs should not be allowed to undermine the statutory requirement that each plaintiff must pay the entire $350.00 imposed by 28 U.S.C. § 1915(b)(1) when they file a case in federal court and that "the impracticalities inherent in multiple-prisoner litigation mitigate against the permissive joinder allowed by [Fed. R. Civ. P.] 20." *Boyd v. Marion Cnty. Law Enforcement Ctr.*, 2010 WL 4681237, *1 (E.D. Mo. Nov. 10, 2010); *see also Lilly v. Ozmint*, 2007 WL 2021874, *1 (D.S.C. July 6, 2007); *Wasko v. Allen Cnty. Jail*, 2006 WL 978956 (N.D. Ind. 2006); *Swenson v. MacDonald*, 2006 WL 240233, *2-4 (D. Mont. Jan. 30, 2006). As a result, this Court does not consider Brandi Joy Johnson to be a party to this case. If Brandi Joy Johnson wishes to pursue claims against defendants in this Court, she may seek to file a separate complaint.

Reform Act, prisoners are responsible for filing fees the moment a civil action is filed). If granted leave to proceed *in forma pauperis*, plaintiff is entitled to pay the filing fee over time through the payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and/or through periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of the average monthly deposits or the average monthly balance in the prisoner's account for the six months immediately preceding the date of the filing of a civil action. Having reviewed plaintiff's inmate account statement, plaintiff will be required to pay an initial partial filing fee of $49.61 ($1488.44 total income ÷ 6 months x 20 %).

Accordingly, it is **ORDERED** that:

(1) plaintiff is granted provisional leave to proceed *in forma pauperis*;

(2) plaintiff shall pay to the clerk of the court for the Western District of Missouri, Western Division, an initial partial filing fee of $49.61; and

(3) plaintiff's failure to pay the required initial partial filing fee on or before August 12, 2015, will result in the dismissal of this case without further notice.

       /s/ Brian C. Wimes
       BRIAN C. WIMES
       UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: <u>July 13, 2015</u>.

2

Case 2:15-cv-04118-BCW   Document 6   Filed 07/13/15   Page 2 of 2